# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CONRAD P. DARR**                                           **CIVIL ACTION**

**VERSUS**                                                   **NO. 16-232-JWD-EWD**

**AMERISURE INSURANCE
COMPANY, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 31, 2016.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CONRAD P. DARR**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 16-232-JWD-EWD**

**AMERISURE INSURANCE
COMPANY, ET AL.**


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Leave to File Supplemental and Amended Complaint filed by Conrad P. Darr.[1]  Darr seeks to amend his original state court Petition for Damages to name two additional defendants, one of whom is a non-diverse defendant.  The Motion is opposed.[2]

Also before the Court is Darr's Motion to Remand,[3] which is also opposed.[4]

For the following reasons, the undersigned recommends that the Motion for Leave to File Supplemental and Amended Complaint be **DENIED** and that the Motion to Remand be **DENIED AS MOOT.**[5]

---

[1] R. Doc. 16.

[2] R. Docs. 11, 17.

[3] R. Doc. 8.

[4] R. Doc. 12.

[5] The law is not settled regarding whether a motion to amend that is denied is a case dispositive motion under 28 U.S.C. § 636.  "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)."  *Cazares v. Morris*, 2011 WL 2414543, at *2 (D.Ariz. June 16, 2011) (citing, *inter alia, JJCO, Inc. v. Isuzu Motors America, Inc.*, 2009 WL 3818247, *2 (D.Haw. Nov. 12, 2009) (magistrate judge's denial of a motion for leave to amend complaint is not a dispositive ruling)) (citing, in turn, *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n. 1 (9th Cir. 1985), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996) (noting that the plaintiff's motion for leave to amend its Complaint was properly treated as a nondispositive motion when the magistrate judge granted the plaintiff's motion)).  There are circumstances, such as when a "magistrate judge denies a party the opportunity to assert a new claim or defense[,]" or "when the denial is specifically premised on futility[,]" that courts have "view[ed] a magistrate judge's denial of a motion for leave to amend as a dispositive ruling."  *JJCO, Inc.*, 2009 WL 3818247, at *3 (citing cases).  That "view is not universal[,]" as the court in *JJCO, Inc.* astutely observed however.  *Id.* at *3 (citing *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (finding a magistrate judge's denial of a motion to amend on grounds of futility to be nondispositive and subject to review for clear error by the district court)); *Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012).  It does not appear that the Fifth Circuit has ruled on this issue.  In light of the fact the undersigned is recommending denial

## Factual and Procedural Background

On or about March 9, 2016, Darr filed a Petition for Damages ("Petition") in the 23rd Judicial District Court for the Parish of Ascension, Louisiana, alleging that he suffered serious injuries as a result of a multi-vehicle, rear-end collision that occurred on March 17, 2015 on Highway 30 in Ascension Parish, Louisiana.[6]  In the Petition, Darr alleges that while he was stopped on Highway 30 due to traffic congestion, Steven W. Conner ("Conner") rear-ended a vehicle being operated by Claire F. Pasqua, forcing her to rear-end Darr's vehicle, which pushed Darr's vehicle into a vehicle being operated by Henry D. Colvin.[7]  Darr named Conner and his insurer, Amerisure Insurance Company ("Amerisure"), as defendants in the suit.  The Petition alleges that Conner's negligence was the sole and proximate cause of the accident.[8]

On April 12, 2016, Amerisure and Conner (collectively "Defendants") filed a Notice of Removal, seeking to remove the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.[9]  In the Notice of Removal, Defendants assert there is complete diversity because Darr is a citizen of Louisiana, Conner is a citizen of Arkansas, and Amerisure is a citizen of Michigan.[10]  Although Defendants deny liability for any damages sought by Darr, Defendants assert that the amount in controversy exceeds $75,000 because Darr has alleged medical expenses in excess of $100,000.

---

of the Motion to Remand, which must be done by report and recommendation, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016), and that the analysis regarding the Motion for Leave to File Supplemental and Amended Complaint bears directly on the recommendation with regard to the Motion to Remand, the undersigned is issuing a report on both motions.

[6] R. Doc. 1-1 at 2.
[7] *Id.*
[8] *Id.* at 3.
[9] R. Doc. 1.  Defendants assert that removal is timely under 28 U.S.C. § 1446(B)(1)-(3) because all defendants received notice of the suit on or after March 17, 2016.  Specifically, Defendants claim Darr requested service upon Amerisure through the Louisiana Secretary of State, which service was effected on March 17, 2016, and that Conner "was served through Long Arm Service on March 21, 2016."  (R. Doc. 1 at 2).  Darr does not contest the timeliness of the removal in his Motion to Remand.  (*See* R. Doc. 8).
[10] R. Doc. 1 at 2-3.

**A. Darr's Motion for Leave to File Supplemental and Amended Complaint**

On May 9, 2016, Darr filed his first Motion for Leave to File Supplemental and Amended Complaint, seeking to name Henry D. Colvin and his insurer, State Farm Mutual Automobile Insurance Company ("State Farm") as additional defendants.[11]  On June 3, 2016, the Motion for Leave was denied without prejudice to Darr re-filing a comprehensive amended complaint.[12]  Darr filed a second Motion for Leave to File Supplemental and Amended Complaint with a comprehensive amended complaint on June 6, 2016.[13]  The Court, however, denied the second Motion for Leave on June 7, 2016, without prejudice to Darr re-filing the motion properly setting forth the citizenship particulars required to conduct the analysis required by 28 U.S.C. § 1447(e).[14]

On June 9, 2016, Darr filed the instant Motion for Leave to File Supplemental and Amended Complaint, seeking to name Colvin and State Farm as additional defendants in this case.[15]  In the proposed Amended Complaint, Darr alleges that Amerisure is a citizen of Michigan, Conner is a citizen of Arkansas, Colvin is a citizen of Louisiana, and State Farm is a citizen of Illinois.[16]  Although Darr asserts that he seeks to amend his original Petition only to name two additional defendants, in the instant Motion for Leave Darr also amended a factual allegation contained in his original Petition.  Darr originally alleged that the underlying accident occurred, "As petitioner was stopped on said highway due to traffic congestion."[17]  The proposed Amended Complaint, however, alleges that the accident occurred, "As plaintiff stopped on said highway."[18] The proposed Amended Complaint further alleges that defendant Conner's negligence was the sole

---

[11] R. Doc. 7.
[12] R. Doc. 13.
[13] R. Doc. 14.
[14] R. Doc. 15.
[15] R. Doc. 16.
[16] R. Doc. 16-1 at 1.
[17] R. Doc. 1-1 at 2.
[18] R. Doc. 16-1.  The significance of this amendment is addressed in Defendants' Memorandum in Opposition.  (*See* R. Doc. 11).

and proximate cause of the underlying accident and, in the alternative, Colvin's negligence was a proximate cause of the accident.[19]  Darr alleges that Colvin was negligent in making a sudden and unwarranted stop in a lane of moving traffic, driving in a careless or reckless manner under the circumstances, and failing to see what he should have seen.[20]  Darr also alleges that State Farm issued a policy of insurance to Colvin that provides liability coverage for the vehicle operated by Colvin at the time of the accident.

On May 11, 2016, Defendants filed an Opposition[21] in response to Darr's first Motion for Leave.[22]  Defendants assert that the Motion for Leave should be denied because it is an attempt by Darr to defeat removal jurisdiction.  Defendants point out that in his original Petition, Darr alleged that he was stopped on the highway due to congestion when the multi-vehicle, rear-end collision occurred.[23]  Defendants argue that after removal, Darr now claims that the accident was somehow Colvin's fault, even though Colvin was also stopped due to traffic and was rear-ended by Darr. Defendants assert that the timing and substance of the proposed amendment in this case, "strongly supports a finding that Darr's motivation is to destroy diversity jurisdiction."[24]  Defendants assert that Darr offers no reason why Colvin could not have been sued in the original Petition and Darr offers no facts to support his new allegation that a car stopped in front of his vehicle due to traffic could have any role in causing a rear-end collision that started three cars behind it.  Defendants contend that whether Colvin should have stopped his vehicle and the manner in which he did stop the vehicle are irrelevant because according to Darr's original Petition, Darr successfully came to

---

[19] R. Doc. 16-1 at 3.
[20] *Id.*
[21] R. Doc. 11.
[22] R. Doc. 7.
[23] Although Defendants claim that, "These facts are confirmed by the police report completed by the investigating authorities (See, **Exhibit A,** hereto)," there are no documents attached to Defendants' Memorandum in Opposition. (*See* R. Doc. 11).
[24] R. Doc. 11 at 3 (citing *Osgood v. Discount Auto Parts, LLC*, 955 F. Supp. 2d 1352, 1355 (S.D. Fla. 2013)).

a halt behind Colvin's vehicle before the accident occurred.  As such, Defendants argue there is no rational grounds to permit Darr to amend his complaint to name Colvin as a defendant, which would destroy diversity jurisdiction.

On June 10, 2016, Defendants filed a second Opposition in response to the Motion for Leave that is currently before the Court, which essentially adopts the arguments made in the Defendants' original Opposition.[25]  Defendants further assert that while a party should be freely allowed to amend his complaint to allege previously unknown facts or causes of action or to bring in previously unknown parties, a party should not be allowed to make up facts, change the facts to suit his whim, or add parties that were known to him.  As such, Defendants maintain that Darr's Motion for Leave should be denied.

**B.  Darr's Motion to Remand**

On May 10, 2016, a day after Darr filed his first Motion for Leave to File Supplemental and Amended Complaint, Darr filed a Motion to Remand.[26]  In the Motion to Remand, Darr claims that there is no basis for federal jurisdiction because he filed a Motion for Leave naming Colvin, a Louisiana citizen, as a defendant.  Darr asserts, "This accident forming the subject of this lawsuit involves four vehicles.  Colvin was the first vehicle to come to a stop on La. Highway 30 which, in turn, caused all following vehicles to attempt to stop.  This resulted in a four car collision in the Parish of Ascension."[27]  Because there is no longer complete diversity between the parties, Darr asserts the Court does not have subject matter jurisdiction over the case and must remand.  Darr does not dispute that the amount in controversy is satisfied in this case.

---

[25] R. Doc. 17.
[26] R. Doc. 8.
[27] R. Doc. 8-1 at 2.

6

In opposition, Defendants assert that Darr filed a Motion to Remand to thwart this Court's legitimate removal jurisdiction and to deprive two non-Louisiana defendants from their statutory right to have this case decided in a federal forum.[28]  Defendants further oppose the Motion to Remand for the same reasons alleged in their original Opposition to Darr's first Motion for Leave.[29]

Defendants maintain that Darr's Motion for Leave is a sham and should be denied, thereby making the Motion to Remand moot.  However, Defendants concede that if Darr's Motion for Leave is granted then remand would be required.

**Applicable Law and Analysis**

**A. Post-removal joinder of a non-diverse defendant.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Fifth Circuit has strictly followed this rule, stating that "leave to amend should be granted liberally."  *Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir. 1995).  However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies.  Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Thus, if diversity was the only basis for the court's subject matter jurisdiction and a district court permits joinder of a nondiverse defendant, it must remand the case to the state court.  *See Cobb v. Delta Exports, Inc*., 186 F.3d 675, 677 (5th Cir. 1999) (*citing* 28 U.S.C. § 1447(e)).

---

[28] R. Doc. 12.
[29] R. Doc. 11.

"The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987). When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities. *Id.* Applying these factors, the court in *Hensgens* held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction. *Id.*

Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *See Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.,* 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Smith v. Lucas Tire Co., Inc.,* 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995). In *Cobb,* as in *Hensgens,* the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable." 186 F.3d at 677. Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties for the purposes of the analysis required under § 1447(e). *Joseph v. Fluor Corp.,* 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (*citing Cobb,* 186 F.3d at 680-81).

Defendants removed this matter to federal court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[30]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will."  *Hensgens*, 833 F.2d at 1181.  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction.  *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

## B. Under the *Hensgens* analysis, Darr should not be allowed to file an amended complaint naming a non-diverse defendant.

As discussed above, Defendants removed this case based on the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  Allowing Darr to file the proposed Amended Complaint naming Colvin and State Farm as defendants would destroy complete diversity between the parties because Darr is a citizen of Louisiana and has alleged that Colvin is also a citizen of Louisiana.  Thus, the Court must apply the four-factor analysis set forth in *Hensgens* to determine whether Darr's post-removal Motion for Leave, seeking to amend his Petition to add a non-diverse defendant, should be granted.

---

[30] R. Doc. 1.

Darr's Motion for Leave makes no mention of the fact that adding Colvin and State Farm as defendants would destroy the Court's diversity jurisdiction.  The Motion for Leave also does not address the *Hensgens* factors that the Court must consider to determine whether to allow joinder and remand the case or deny joinder under § 1447(e).  Although Defendants cite *Hensgens* and the four-factor analysis in their Memorandum in Opposition to the Motion for Leave, Defendants only addresses the first factor-whether the purpose of the amendment is to defeat federal jurisdiction.[31]  Relying on a case from the Southern District of Florida, Defendants assert that, "the timing and substance of the proposed amendment strongly supports a finding that Plaintiff's motivation is to destroy diversity jurisdiction."[32]  Defendants point out that Darr provides no reason why Colvin could not have been sued in the original Petition.  Defendants also rely on a case from the Central District of California to support their argument that Darr fails to allege facts to support his "novel allegation" that a car stopped in front of his vehicle due to traffic could have caused a rear-end collision that started several cars behind it.[33]  Thus, Defendants are arguing that the first *Hensgens* factor weighs in favor of denying Darr's Motion for Leave.

### 1.  The purpose of the proposed amendment appears to be to defeat diversity.

When analyzing the first *Hensgens* factor, courts within the Fifth Circuit frequently look at whether the plaintiff knew or should have known the identity of the party to be joined and the facts underlying the claim against that party when the state court complaint was filed.  *See Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006); *Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004).  "Courts have held that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff

---

[31] R. Doc. 11 at 2.
[32] *Id*. at 3 (quoting *Osgood v. Discount Auto Parts, LLC*, 955 F. Supp. 2d 1352 (S.D. Fla. 2013)).
[33] R. Doc. 11 at 3 (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999)).

knew of a non-diverse defendant's identity and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction." *Schindler v. Charles Schwab & Co., Inc.*, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005). "However, courts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Id.* (emphasis in original) (citing cases).

   **a.  Timing.**

   Here, the timing of the attempted amendment (less than a month after the Notice of Removal was filed) suggests that, at the very least, part of Darr's purpose in amending his Petition is to defeat federal jurisdiction.  It is clear that Darr knew of Henry Colvin's existence and role in the underlying accident when Darr filed his state court Petition because the Petition specifically mentions Colvin.  In the Petition, Darr alleges the following:

> As petitioner was stopped on said highway due to traffic congestion, suddenly and without warning defendant, STEVEN W. CONNER, rear-ended a vehicle being operated by CLAIRE F. PASQUA forcing her to rear-end petitioner's vehicle, pushing petitioner into a vehicle being operated by HENRY D. COLVIN, causing a violent chain reaction collision to occur.[34]

The only reason Darr provides for amending his Petition to add Colvin and State Farm is that they "also may be responsible for the accident in question."[35]  Darr does not offer any reasons why he did not name Colvin as an original defendant in this suit, nor has Darr filed a reply memorandum to address the issue.  The Court finds these facts support Defendants' contention that the timing of

---

[34] R. Doc. 1-1 at 2.
[35] R. Doc. 16 at 1.  As previously mentioned, in the Motion to Remand Darr asserts, "This accident forming the subject of this lawsuit involves four vehicles.  Colvin was the first vehicle to come to a stop on La. Highway 30 which, in turn, caused all following vehicles to attempt to stop.  This resulted in a four car collision in the Parish of Ascension." (R. Doc. 8-1 at 2).

the Motion for Leave shows that Darr seeks amendment, at least in part, to defeat this Court's diversity jurisdiction.

**b. Inability to state a valid claim against Colvin and State Farm.**

Although some courts have also considered whether the plaintiff states a valid claim against the proposed additional defendant when analyzing the first *Hensgens* factor,[36] the parties have alleged insufficient facts for this Court to evaluate the viability of Darr's negligence claim against Colvin.  In the original Petition, Darr alleged that the underlying accident occurred while he was stopped on the highway as a result of a rear-end collision between Conner and Pasqua.[37]  In the proposed Amended Complaint currently before the Court, Darr alleges that the accident occurred "as plaintiff stopped on said highway" as a result of the rear-end collision between Conner and Pasqua or, alternatively, as a result of Colvin's negligence which included, among other things, "making a sudden and unwarranted stop in a lane of moving traffic."[38]  While Defendants assert that the instant Motion for Leave is a disingenuous attempt by Darr to create a cause of action against a non-diverse defendant (Colvin) by amending certain factual allegations in the original Petition, Defendants do not allege any additional facts to show that Darr's negligence claim against Colvin is invalid.[39]

---

[36] See *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4720570, at *4 (S.D. Tex. Dec. 7, 2009) (noting that plaintiffs seeking to impose liability on an insurance adjuster under Texas law "face significant legal obstacles" when the plaintiffs fail to allege that the adjuster exceeded his authority or made actionable misrepresentations and that the proposed amended complaint had not added any such allegations against the insurance adjuster) (quoting *Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004)); *Karr v. Brice Bldg. Co.*, 2009 WL 1458043, at *3 (E.D. La. May 22, 2009) (court found the amended complaint asserts a valid claim against the new, non-diverse defendant, which was bolstered by the fact that the party opposing amendment argued in a separate pleading that the non-diverse defendant was the only viable defendant for plaintiff's negligence claim); *Schindler v. Charles Schwab & Co.*, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005) (where defendant does not assert that the plaintiff has no viable claims against the proposed additional defendants, the fact that the claims sought to be added have an undisputed connection with the original claims militates against a finding that the sole purpose of the amendment is to destroy federal jurisdiction).

[37] R. Doc. 1-1.

[38] R. Doc. 16-1 at 3.

[39] *See* R. Docs. 11, 17.

### i. Any negligence claim against Colvin is prescribed on its face.

To the extent that Darr may have alleged a valid negligence claim against Colvin, the Court finds that the claim was prescribed when Darr filed his first Motion for Leave.  Louisiana has a one-year prescriptive period for negligence claims, which begins to run from the day the injury or damage is sustained.  La. Civ. Code art. 3492.  Here, the underlying accident occurred on March 17, 2015[40] and Darr did not file his first Motion for Leave seeking to add Colvin as a defendant until May 9, 2016,[41] well over a year after the accident.  Under La. Civ. Code art. 3492, Darr's negligence claim against Colvin was prescribed on its face when Darr filed his first Motion for Leave.  However, the claim is not prescribed if the proposed Amended Complaint naming Colvin as a defendant relates back to the date of the original Petition.

### ii. The proposed amendment does not relate back under Fed. R. Civ. P. 15(c).

Although the parties have not addressed the issue, the Federal Rules of Civil Procedure provide that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the

---

[40] R. Doc. 1-1 at 2.
[41] R. Doc. 7.

proper party's identity.

Fed. R. Civ. P. 15(c)(1). The Fifth Circuit has held that, "the inquiry regarding whether an amended complaint relates back to the date of the original complaint turns on 'what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint.'" *Al-Dahir v. F.B.I.,* 454 F. App'x 238, 242 (5th Cir. 2011) (quoting *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553-54, 130 S. Ct. 2485, 2496, 177 L.Ed.2d 48 (2010)).

Since Darr filed his first proposed Amended Complaint after removal, the Federal Rules of Civil Procedure, rather than the Louisiana Code of Civil Procedure, apply to determine whether the proposed Amended Complaint relates back to the filing of the original Petition. *See Norton v. Livingston Parish Detention Center*, 2014 WL 1057218, at*3 (M.D. La. Mar. 19, 2014). Plaintiffs have the burden to demonstrate that an amended complaint relates back under Rule 15(c). *See Dodson v. Hillcrest Sec. Corp.*, 1995 WL 459770, at *10 (5th Cir. July 24, 1996). The Court finds that Darr has not met his burden of proving that the proposed Amended Complaint relates back to the filing of the original Petition under Rule 15(c). By adding Colvin and State Farm as defendants, Darr did not simply correct a mistakenly-identified defendant. Instead, Darr added two new defendants to this matter, one of whom (Colvin) was mentioned in the original Petition. *See Norton*, 2014 WL 1057218 at *3. When an amended complaint adds an additional defendant, not a misnamed defendant, "the amendment is essentially the filing of a new cause of action, and the relation back rule does not apply." *Id.* (quoting *Smith v. Auto Club Family Ins. Co*., 2008 WL 5110590, at *3 (E.D. La. Nov. 25, 2008)); *See Braud v. Transp. Serv. Co*., 445 F.3d 801, 808 (5th Cir. 2006). Because Darr attempted to add two entirely new defendants after the expiration of the prescriptive period, the proposed Amended Complaint does not relate back to the original state

court Petition under Rule 15(c).  As such, Darr has not alleged a valid negligence claim against
Colvin.

Based on the foregoing, the Court finds that the first *Hensgens* factor-whether Darr's
primary purpose in seeking to amend is to defeat diversity jurisdiction-weighs in favor of denying
Darr's Motion for Leave.

### 2.   Darr was dilatory in seeking leave to amend.

The second *Hensgens* factor-whether the plaintiff was dilatory in seeking leave to amend-
is a closer issue, but also weighs in favor of denying the Motion for Leave.  In determining whether
the plaintiff has been dilatory in seeking amendment, "district courts often look to the amount of
time that has passed between the filing of the original complaint and the amendment and the
amount of time between the removal and the amendment." *Schindler v. Charles Schwab & Co*.,
2005 WL 1155862, at *4 (E.D. La. May 12, 2005) (citation omitted).  "Generally a plaintiff is not
dilatory in seeking to amend a complaint when no trial or pre-trial dates [have been] scheduled
and no significant activity beyond the pleading stage has occurred." *Boyce v. CitiMortgage, Inc.*,
992 F. Supp. 2d 709,720 (W.D. Tex. 2014) (quotation and citation omitted).  However, "the
analysis is different when the proposed amendment is to add nondiverse defendants shortly after
removal based on federal diversity jurisdiction." *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL
4720570, at *4 (S.D. Tex. Dec. 7, 2009).  In that situation, "[a] delay of two months after the filing
of the original complaint or almost thirty days after the notice of removal has been found dilatory."
*Id*.; *See Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004).

Other courts, however, have concluded that a plaintiff was not dilatory in seeking leave to
amend within the same time frame. *See Schindler v. Charles Schwab & Co*., 2005 WL 1155862,
at *4 (E.D. La. May 12, 2005) (holding that the plaintiff was not dilatory when she filed the motion

to amend a month and a half after she filed her state court petition and less than thirty days after removal to federal court); *Johnson v. Sepulveda Props., Inc*., 1999 WL 728746, at *3 (E.D. La. Sept. 16, 1999) (amendment sought two months after state court petition filed held not dilatory); *Holcomb v. Brience, Inc*., 2001 WL 1480756, at *2 (N.D. Tex. Nov. 20, 2001) (amendment two months and one week after state court filing and one month and one week after removal held not dilatory). *See also McNeel v. Kemper Cas. Ins. Co*., 2004 WL 1635757, at *3 (N.D. Tex. Jul. 21, 2004) (amendment five months after filing of state court petition and six weeks after removal held not dilatory); *Vincent v. East Haven Ltd. P'ship*, 2002 WL 31654955, at *3 (E.D. La. Nov. 20, 2002) (amendment five months after state court filing and six weeks after removal held not dilatory).

In the instant case, the Court has not yet issued a Scheduling Order, so no pretrial or trial dates have been scheduled and no significant activity beyond the pleading stage has occurred. However, Darr filed his first Motion for Leave to File Supplemental and Amended Complaint on May 9, 2016,[42] less than a month after the case was removed on April 12, 2016,[43] and two months after filing his original Petition in state court on March 9, 2016.[44]  As previously discussed, Darr had information about Colvin's identity and involvement in the underlying accident when he filed his state court Petition.  Unlike in other post-removal amendment cases, Darr has not offered a neutral explanation for the timing in seeking amendment.  *See Lacy v. ABC Ins. Co.*, 1995 WL 688786, at *2-3 (E.D. La. Nov. 17, 1995) (finding plaintiff was not dilatory in amending her pleadings three weeks after removal because plaintiff sought leave to amend within a reasonable time after she discovered the information that allowed her to identify the fictitiously named

---

[42] R. Doc. 7.
[43] R. Doc. 1.
[44] R. Doc. 1-1.

16

defendants and their job duties).  Like the court in *Gallegos*, this Court finds these factors weigh slightly in favor of finding that Darr was dilatory in filing the instant Motion for Leave seeking to amend his Petition.  *See Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).

      **3.  Darr will not be prejudiced by denying leave to amend.**

In determining the third *Hensgens* factor-whether the plaintiff would be prejudiced by denying leave to amend-courts consider whether the already named diverse defendant would be unable to satisfy a future judgment and whether the plaintiff could recover against the proposed nondiverse defendant.  *See Gallegos*, 2009 WL 4730570 at *5 (citing *Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *5 (S.D. Tex. Jan. 5, 2004)).  In addition, "considerations of cost, judicial efficiency and possible inconsistency of results militate in favor of not requiring plaintiff[s] to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances."  *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (quotation omitted).  Since the Court finds that Darr does not have a viable claim against Colvin because the claim is prescribed and the amendment does not relate back to the filing of the Petition, Darr will not be prejudiced if he is not allowed to amend his Petition to name Colvin and State Farm as defendants.  The Court, therefore, finds that the third *Hensgens* factor weighs in favor of denying Darr's Motion for Leave.

      **4.  The consideration of other equitable factors is neutral.**

The final *Hensgens* factor requires the Court to consider "other equitable factors" in determining whether to allow plaintiff leave to amend.  "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and . . . would result in parallel state court proceedings, these factors are likely to be present

whenever a plaintiff in a removed case seeks to add a nondiverse defendant." *Gallegos*, 2009 WL 4730570 at *5 (citing *Smith v. Robin Am., Inc.*, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009); *Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, at *6 (E.D. La. May 12, 2006)).  In addition, these factors have already been analyzed in the Court's consideration of the first three *Hensgens* factors.  Because the Court has not yet ruled upon Darr's Motion to Remand, there has not been a determination that removal was proper such that granting leave to amend would deprive the Defendants of a properly invoked federal forum.  Since the parties have not pointed to any additional equitable factors beyond these considerations, the Court finds the fourth *Hensgens* factor is neutral.

After conducting the four-factor analysis set forth in *Hensgens*, this Court concludes that Darr should not be allowed to file an amended complaint naming a non-diverse defendant.  The Court finds that the proposed amendment is primarily for the purpose of defeating federal jurisdiction, Darr was dilatory in naming Colvin and State Farm as defendants, Darr will not be prejudiced if the Court denies the amendment, and neither party has presented additional equitable considerations.  The Court finds that the balance of the competing interests and equities in this particular case weigh against granting Darr's Motion for Leave to amend his Petition.[45]

### C. If Darr is not allowed to amend his Petition, then his Motion to Remand should be denied as moot.

The sole basis for Darr's Motion to Remand is his assertion that the Court no longer has subject matter jurisdiction over this case because he filed a Motion for Leave to File a Supplemental and Amended Complaint naming a non-diverse defendant.[46]  Darr actually seeks to

---

[45] Because the only claim asserted by Darr against State Farm is a derivative claim alleging that State Farm is liable for Colvin's alleged negligence under the insurance policy issued by State Farm to Colvin, the Court also finds that Darr should not be allowed to amend his Petition to join only State Farm as a defendant.
[46] R. Doc. 8.

amend his Petition to name two parties, Colvin and State Farm, as additional defendants in this case.[47]  In the proposed Amended Complaint, Darr alleges that Colvin is a citizen of Louisiana and State Farm is a citizen of Illinois.[48]  Defendants do not dispute the alleged citizenship of Colvin and State Farm and even acknowledge that if the amendment is allowed, the matter must be remanded.[49]  Since it is undisputed that Darr seeks to add a Louisiana citizen as a defendant, the amendment, if allowed, will destroy diversity jurisdiction and divest this Court of subject matter jurisdiction under 28 U.S.C. § 1447(c).

According to § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Section 1447 also specifically provides that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Here, the denial of Darr's Motion for Leave, which seeks to add a non-diverse defendant, eliminates the basis for Darr's Motion to Remand.  *See Hebert v. Wal-Mart La., LLC,* 2010 WL 2813623, at *1 (M.D. La. June 14, 2010).  As a result, the parties to this action-Darr, Conner, and Amerisure-are diverse and this Court continues to have subject matter jurisdiction over this matter based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).  Darr's Motion to Remand should, therefore, be denied as moot.

## Conclusion

Based on the foregoing, Darr's Motion for Leave to File Supplemental and Amended Complaint, which seeks to add a non-diverse defendant, should be denied.  Under the four factor

---

[47] R. Doc. 16-1.
[48] *Id*. at 1.
[49] R. Doc. 12 at 1.

analysis set forth in *Hensgens*, the undersigned finds that Darr seeks to amend his state court Petition for the primary purpose of defeating diversity jurisdiction in this case, Darr was dilatory in seeking to amend, denying the Motion for Leave will not prejudice Darr; and while neither party has presented additional equitable considerations, Defendants could be deprived of a properly invoked federal forum.

Since the Motion to Remand is premised upon the Court granting Darr's Motion for Leave and allowing Darr to amend his Petition to name a non-diverse defendant in this case, the Motion to Remand should be denied as moot if the Court denies Darr's Motion for Leave.

<u>**RECOMMENDATION**</u>

It is the recommendation of the magistrate judge that Darr's Motion for Leave to File Supplemental and Amended Complaint[50] should be **DENIED**.  It is also the recommendation of the magistrate judge that Darr's Motion to Remand[51] should be **DENIED AS MOOT.**

Further, it is the recommendation of the magistrate judge that a Scheduling Conference be set twelve (12) weeks from the date of this Report and that the parties' Status Report be due ten (10) weeks from the date of this Report.

Signed in Baton Rouge, Louisiana, on August 31, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[50] R. Doc. 16.
[51] R. Doc. 8.